[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Law Offices of Norman J. Voog, LLC (Voog) brings the instant action to recover an open account for attorney's fees and to set aside a fraudulent conveyance of certain real property located in Newtown, Connecticut. The pleadings were closed; the issues joined and the parties appeared for trial and were fully heard. The evidence adduced at trial allows the court to find and reach the following facts and conclusions.
On or about July, 1999, Voog undertook to represent the defendant, Alberto Gonzalez (Alberto) relative to a Workers' Compensation claim which remains open and pending. A retainer agreement in proper order and form was executed by Alberto on August 4, 1999. Shortly thereafter, Alberto retained Voog to represent him in his pending divorce and a second retainer agreement was entered into for that purpose. The retainer agreement relating to the Workers' Compensation claim was not referenced in any way in the divorce retainer. Accordingly, the attorney client relationship was established as to two separate and distinct matters.
The divorce was claimed as a limited contested matter, the most serious issue in dispute being Alberto's claim for alimony. The alimony claim was based upon Alberto's inability to work, because of physical and mental impairment, his lack of income and a financial picture, reflected in affidavit form that showed Alberto to be insolvent. In addition to a small amount of cash and miscellaneous personal property, the only meaningful assets disclosed were an undivided one-third interest in and to the real property, subject of this action and a vested lump-sum pension accrual.
Pursuing this reverse alimony claim, the hearing took several days with the final judgment being entered on April 11, 2001 (Novack, J.)
This court credits the findings of Judge Novack as to Alberto's physical and mental condition, the reasons for termination of his CT Page 1364 employment and the limited nature of any claimed disability. The physical and mental condition of the defendant Alberto and consequent limited disability, if any, remains today per Alberta's testimony and demeanor when testifying.
On July 25, 2001, Alberto, together with his father and co-defendant Jose Gonzalez (Jose), met with Voog to discuss effectuating the court's orders under the divorce decree and the outstanding bill for legal fees. During the meeting the plaintiff offered to compromise the balance due on the legal fee for $32000.00 Six days later, Alberto met with Attorney Tim Holian and quit-claimed his one-third interest in the subject property to Jose for "consideration other than financial." Immediately thereafter, he relocated to the State of Florida. Shortly after taking up residence in Florida, Alberto filed a multi-count grievance against Voog, containing a plethora of complaints and by the terms of the complaint itself, seeking to avoid payment of the accrued attorneys fees.
In October, 2001, Alberta liquidated his only other asset, by lump-sum settlement of his pension and applied the proceeds to a mortgage encumbering the property previously transferred to Jose.
The property which is the subject of the fraudulent conveyance claim was acquired by the defendants and Alberto's ex-wife in 1995. Each took an undivided one third interest therein. The decree of divorce required a buy-out of the wife's one third interest for the stipulated consideration of $30,000. The consideration, as set forth in the judgment, would come in the form of a promissory note. Notwithstanding the meeting in Voog's office on July 25th, where the logistics of title transfer were discussed, to date an undivided one-third title interest remains in the ex-wife.
There are two issues presented to the court as framed by the pleadings. The first issue relates to the reasonableness of the claimed attorney's fees. The second, the "intent" of Alberta in conveying his interest in the property to Jose.
The evidence clearly established that at the time of the July 25th meeting, Voog offered to compromise his outstanding fee given the outcome of the divorce litigation and inferentially the limited resources of Alberto.
The total bill for services rendered in that litigation came to $58,982.50 against which Alberto had paid $12,000.00, leaving a balance of $46,982.50. The offer of compromise in the amount of $32,000.00 was duly memorialized by Voog's meeting memorandum under date July 25, 2001. CT Page 1365 While the court credits that the full fee was earned, given the totality of the circumstances and evidence adduced, fair, just and reasonable compensation, in terms of the balance of the fee, is found to be $30,000.00.
As to the conveyance in question, the court is required to determine the intent of Alberto at the time the same was made. Intent — the word intent — what does it mean and how do you determine a person's intent? No person is able to look into another's mind and see therein a certain purpose or intention or a certain knowledge to do or act. The only way the trier of fact can ordinarily determine what a person's purpose, intention, or knowledge was, at any given time, aside from that person's own statements or testimony, is by determining what that person's conduct was and what the circumstances were surrounding that conduct and from that, the proper inference can be made. The court, therefore, turns to section 52-552e (a) C.G.S. where a codification of the common law standards for a fraudulent transfer is set forth. The court is further assisted in a determination of "actual intent" as defined hereinabove, by the criteria set forth in subsection (b) of that same section.
Applying these criteria to the evidence, the court finds the following:
a) The transfer by Alberta was to an insider — his father.
 b) Alberto retained a certain "use and enjoyment" of the property and thus an indirect retention of control over the property after transfer.
 c) The transfer was concealed as to Voog, who discovered same after execution and recordation through a secondary attorney.
 d) The transfer was in effect a transfer of substantially all of Alberto's assets. The remaining lump-sum pension benefit being funneled back into the property.
e) Immediately after the transfer Alberto absconded to Florida.
 f) The remaining pension asset was liquidated and applied to the debt encumbering the property.
 g) No consideration, "other than financial" was paid and no enforceable antecedent debt existed.
h) Alberto was insolvent before and after the transfer. CT Page 1366
 i) The transfer occurred a short time after full maturation of the debt in its totality.
While the defendants provided testimony as to the source and application of funds with regard to the subject property the court was not persuaded by that the explanation as it may effect intent. The defendants' argument in this regard, lacked credible basis under the facts of the case and was disingenuous at best. Value was not given for the transfer and no enforceable antecedent debt existed, as the court does not credit the defendants' testimony to the contrary. The application of the statutory criteria clearly permits the inference of a fraudulent intent on the part of Alberta and the court so finds. While the defendant refers to certain statutory defenses in his brief, none were pled, nor are the same applicable to the facts of this case.
Based upon the above findings judgement is entered against the defendant Alberto Gonzalez in the sum of $30,000.00 together with attorneys fees in the sum of $3,460.00 and costs. Avoidance of the transfer of the property, subject of this judgement, is ordered against both named defendants to the extent necessary to satisfy the monetary award hereinabove made. The plaintiff may proceed to levy execution as provided for in Section 52-552h (b) CGS.
___________________ COMERFORD, J. CT Page 1367